UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mo Savoy Hicks,<br><br>    Petitioner,<br><br>v.<br><br>Steve Hammer,<br><br>    Respondent. | Case No. 16-cv-1861 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

Mo Savoy Hicks, 970 Pickett Street North, Bayport, MN 55003, pro se

Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101; and Jonathan C. Audette, Anoka County Attorney, Anoka County Government Center, 2100 Third Avenue, Anoka, MN 55303; for Respondent Steve Hammer

HILDY BOWBEER, United States Magistrate Judge

  Mo Savoy Hicks filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment entered against him in Minnesota state court. [Doc. No. 1.] Respondent Steve Hammer moved to dismiss the petition on the ground that Hicks did not fairly present his habeas claim to the Minnesota Supreme Court. [*See* Doc. Nos. 8, 9.] For the reasons set forth below, the Court recommends that the motion be granted and the petition be denied.

**I. Background**

  Hicks was convicted on February 17, 2012, of the second-degree unintentional

felony murder of J.R. (Pet. at 17[1]); *State v. Hicks*, 864 N.W.2d 153, 155 (Minn. 2015). He waived his right to a jury and represented himself during the trial and sentencing hearing. *Hicks*, 864 N.W.2d at 155. Hicks was sentenced to a 420-month term of imprisonment, which included an upward durational departure of 168 months. *Id.* at 156. He appealed his conviction and sentence to the Minnesota Court of Appeals arguing, *inter alia*, that the sentencing court erred in departing upward from the presumptive sentence based on the concealment of J.R.'s body. *See State v. Hicks*, 837 N.W.2d 51, 62 (Minn. Ct. App. 2013). The Minnesota Court of Appeals found the upward departure justified, however, and affirmed. *Id.* at 65. Hicks sought review by the Minnesota Supreme Court, which granted review and affirmed the conviction and sentence. *Hicks*, 864 N.W.2d at 163.

Hicks filed his federal habeas petition on June 6, 2016, claiming he was denied due process and equal protection under the Fifth and Fourteenth Amendments as a result of the upward departure. (Pet. at 18.) On August 15, 2016, Respondent moved to dismiss on the ground that Hicks did not present the federal basis for his habeas claim to the Minnesota Supreme Court. (Resp't's Mem. Supp. Mot. Dismiss at 1-2 [Doc. No. 9].) Respondent notes that the petition for review filed on October 1, 2013, did not refer to a federal right, constitutional provision, case, or issue. (*See* Ex. A to Resp't's Mem. Supp. Mot. Dismiss [Doc. No. 9-1].)

As Hicks explains in his response to the motion, however, he presented the federal

---

[1] The Court cites to the page numbers on the CM/ECF legend rather than the page numbers on the bottom of the petition.

nature of his habeas claim to the Minnesota Supreme Court in a brief filed on December 11, 2013. (Pet'r's Obj'n Mot. Dismiss at 2 [Doc. No. 16].) In that brief, Hicks mentioned *Blakely v. Washington*, 542 U.S. 296 (2004):

> In the aftermath of the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), this Court clarified that there are
>> two distinct requirements for an upward sentencing departure: (1) a factual finding that there exist one or more circumstances not reflected in the guilty verdict or guilty plea, and (2) an explanation by the district court as to why those circumstances create a substantial and compelling reason to impose a sentence outside the range on the grid.
>
> *State v. Rourke*, 773 N.W.2d 913, 919 (Minn. 2009).

(Pet'r's Obj'n Ex. 1 (Appellant's Br. at 8) [Doc. No. 16-1].)

## II.   Discussion

A state prisoner such as Hicks must exhaust all state court remedies by fairly presenting his federal constitutional claims to each tier of state appellate review before seeking § 2254 relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (quotation and quotation marks omitted).

It is true that Hicks mentioned a federal case, *Blakely*, in his brief to the Minnesota Supreme Court. But that does not end the inquiry, because it is clear from the context of the brief that Hicks was not relying on *Blakely* as a legal basis for his challenge to the

3

upward departure.  Hicks mentioned *Blakely* only as a historical precursor to the Minnesota Supreme Court's decision in *Rourke*, on which Hicks did rely for its two-part test to determine when an upward sentencing departure is justified.  The test in *Rourke* was derived from a phrase in the Minnesota Sentencing Guidelines—"identifiable, substantial, and compelling circumstances to support a sentence outside the range on the grids"—not *Blakely*.  *Rourke*, 773 N.W.2d at 919.  Thus, the Court concludes that Hicks did not fairly present a federal constitutional claim to the Minnesota Supreme Court by his reference to *Blakely*.

Moreover, Hicks does not even refer to *Blakely* in his petition as the basis for his habeas claim, nor could his habeas claim be construed as having been brought under *Blakely*.  *Blakely* addressed the Sixth Amendment right to a trial by jury in the sentencing context.  Hicks, by contrast, claims that "[t]he Minnesota Supreme Court violated his right to due process when it arbitrarily and discriminatorily overruled precedent set by previous case law to affirm Hicks' upward departure."  (Pet. at 18.)  The case law to which Hicks refers is Minnesota case law, not *Blakely*.  It is undisputed that the due process claim was not fairly presented to the Minnesota state courts.[2]

A federal claim that is not fairly presented to the reviewing state court may be either unexhausted or procedurally defaulted.  A claim is unexhausted when it has not

---

[2] To the extent Hicks characterizes the decision of the Minnesota Supreme Court as the actual due process and equal protection violation, such a claim is properly construed as a challenge to the trial court's initial determination.  *See Reed v. Symmes*, No. 08-cv-4998 (PJS/RLE), 2009 WL 6478780, at *15 n.10 (D. Minn. Sept. 17, 2009), *R. & R. adopted*, 2010 WL 1995607 (D. Minn. May 18, 2010).

been fairly presented in one complete round of the state's established appellate review process, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), but the prisoner still has the right under state law to raise the claim by an available procedure, *see* 28 U.S.C. § 2254(c). A claim is procedurally defaulted when it has not been fairly presented to the state courts, and the state courts would no longer review it because an "independent and adequate state procedural rule" precludes further litigation of the claim. *Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991).

Minnesota has such an independent and adequate procedural rule: "[W]here a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). There are two exceptions to the *Knaffla* rule: "(1) the claim is novel or (2) the interests of fairness and justice warrant relief." *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013). When the *Knaffla* rule would bar an individual from raising his claims in state court because he did not raise them previously on direct appeal, those claims are procedurally defaulted in federal court. *Buckingham v. Symmes*, 11-cv-2489 (PJS/SER), 2012 WL 3611893, at *2 (D. Minn. Aug. 21, 2012) (citing *McCall*, 114 F.3d at 757-58).

The exhaustion requirement of § 2254 pertains "only to remedies still available at the time of the federal petition." *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). Thus, claims procedurally barred under state law are exhausted for the purposes of federal habeas review. *Id.* at 161-62 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *Coleman*, 501 U.S. at 732 ("A habeas

petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

If a claim is procedurally defaulted on federal habeas review, the Court must determine whether the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or whether the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *See McCall,* 114 F.3d at 758 (citing *Coleman,* 501 U.S. at 750). To establish cause for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in *Ivy* omitted). A court need not consider prejudice unless the petitioner demonstrates cause. *McCall,* 114 F.3d at 758.

The second exception—miscarriage of justice—is available only when the petitioner establishes that a constitutional violation likely caused the conviction of an innocent person. *Id.* (quoting *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)). If neither exception applies, the procedural default cannot be excused, and the court should deny the petition without reaching the merits of the claims. *See Carney v. Fabian,* 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

Applying these principles to the present case, the Court finds that any possible

*Blakely* claim and the due process and equal protection claims are procedurally defaulted. The state courts would no longer review these claims because Hicks knew of the claims and could have raised them on direct appeal. Thus, *Knaffla* would bar further litigation of the claims, and the claims are procedurally defaulted for federal habeas purposes. Hicks has not shown cause for the default, actual prejudice, or that a miscarriage of justice would occur if the Court does not address the merits of the claims. Consequently, Respondent's motion to dismiss should be granted.

### III.   Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Hicks' claims any differently than recommended here. Hicks has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. The Court therefore recommends that Hicks not be granted a COA in this matter.

### III.  Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent Steve Hammer's Motion to Dismiss [Doc. No. 8] be **GRANTED**;

2. Petitioner Mo Savoy Hicks' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. No. 1] be **DISMISSED**;

3. A certificate of appealability **NOT BE GRANTED**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: January 19, 2017              s/ *Hildy Bowbeer*
                                     HILDY BOWBEER
                                     United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation.  A party may respond to the objections within fourteen days after being served with a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement fourteen days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) fourteen days after the objections are filed, or (2) from the date a timely response is filed.