## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| MO SAVOY HICKS, | Civil No. 16-1861 (JRT/HB) |
| Petitioner, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| STEVE HAMMER, | |
| Respondent. | |

Mo Savoy Hicks, #201228, MCF-Stillwater, 970 Pickett Street North, Bayport, MN  55003, *pro se*.

Jonathan C. Audette, Assistant Anoka County Attorney, **ANOKA COUNTY ATTORNEY'S OFFICE**, Anoka County Government Center, 2100 Third Avenue, Anoka, MN  55303, for respondent.

Petitioner Mo Savoy Hicks seeks federal review of his 420-month aggravated sentence for Second-Degree Unintentional Felony Murder pursuant to Minn. Stat. § 609.19, subd. 2(1) (2014).  After Hicks directly appealed the basis for the aggravated sentence under the state sentencing guidelines, both the Minnesota Court of Appeals and the Minnesota Supreme Court affirmed the sentence.  Hicks subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that the imposition of the aggravated sentence violated his due process and equal protection rights under the Fifth and Fourteenth Amendments.

Respondent Steve Hammer ("Respondent") moves to dismiss Hicks' petition, arguing that Hicks failed to present a federal claim in state court.  United States

Magistrate Judge Hildy Bowbeer issued a report and recommendation ("R&R") recommending dismissal of Hicks' petition. Hicks now objects to the R&R. Because the Court finds that Hicks failed to present a federal claim to the state court, the Court will overrule Hicks' objections, adopt the R&R, and grant Respondent's motion to dismiss.

## BACKGROUND

After a bench trial, on February 17, 2012, the Anoka County District Court convicted Hicks on one count of Second-Degree Unintentional Felony Murder. (Pet. for Relief from Conviction or Sentence ("Pet.") at 17, June 6, 2016, Docket No. 1.) Hicks represented himself during sentencing and waived his Sixth Amendment right, as established in *Blakely v. Washington*, 542 U.S. 296 (2004), to a jury determination of facts supporting an aggravated sentence. (*Id.* at 18.) The state court sentenced Hicks to a 420-month term of imprisonment, which included an upward durational departure, resulting in a sentence 168 months longer than the presumptive sentence. (*Id.* at 17); *State v. Hicks*, 864 N.W.2d 153, 156 (Minn. 2015). The departure was based on the state court's factual finding that Hicks concealed the victim's body, which the sentencing court determined was an indicator that the crime was carried out with "particular cruelty" – an aggravating factor under Minnesota's sentencing guidelines. (Pet. at 18); *Hicks*, 864 N.W.2d at 156.

Hicks appealed his sentence to the Minnesota Court of Appeals, arguing that concealment of a body alone does not justify a finding that a crime was particularly cruel under applicable precedent and also that concealment of a body alone cannot justify an

upward departure because it is a separate uncharged offense.[1]  The Minnesota Court of Appeals affirmed the sentence on September 3, 2013.  *State v. Hicks*, 837 N.W.2d 51 (Minn. Ct. App. 2013).

Hicks filed a petition for review with the Minnesota Supreme Court, which agreed to review the propriety of the aggravated sentence based solely on the finding that Hicks concealed the body.  The Minnesota Supreme Court affirmed on June 3, 2015, holding that "concealment of a homicide victim's body, in and of itself, may be an aggravating factor under the [state] sentencing guidelines that supports an upward durational sentencing departure."  *Hicks*, 864 N.W.2d at 159.  *Hicks* amounted to a slight change in state law, abrogating the existing precedent set in *State v. Schmit*, 329 N.W.2d 56, 58 n.1 (Minn. 1983) (finding that concealment of the victim's body did not operate as an aggravating factor in sentencing because the "defendant made no effort to bargain with information concerning the location of the body").[2]

On June 6, 2016, Hicks filed a federal habeas petition pursuant to 28 U.S.C. § 2254 seeking review of his aggravated sentence.  In the petition, Hicks presents one ground for relief: that he "was denied his 5th and 14th Amendment rights to Due

---

[1] Specifically, Hicks argued that under Minnesota precedent, an upward departure cannot be based on uncharged or dismissed conduct, and interference with a dead body is a separate, uncharged offense under Minn. Stat. § 609.502, subd. 1.

[2] The Minnesota Supreme Court also clarified that under Minnesota law, imposition of the sentence based on the aggravating factor was proper in Hicks' case even though the relevant facts also could have supported a charge for a separate offense.  The court explained that "facts from a single behavioral incident that relate to multiple offenses may be relied on to support a durational departure 'if those facts show that the defendant committed the offense being sentenced in a particularly serious way.'"  *Hicks*, 364 N.W.2d at 162 (quoting *State v. Edwards*, 774 N.W.2d 596, 604 (Minn. 2009)).

Process/Equal Protection." (Pet. at 18.) More specifically, Hicks alleges "[t]he Minnesota Supreme Court violated Hicks['] right to due process when it arbitrarily and discriminatorily overruled precedent set by previous case law to affirm Hicks' upward departure." (*Id.*)

On August 15, 2016, Respondent filed a motion to dismiss Hicks' petition. Respondent argues the petition should be dismissed because Hicks did not present a federal claim to the state court regarding the propriety of his aggravated sentence. (Resp't's Mem. of Law in Supp. of Mot. to Dismiss at 1, Aug. 15, 2016, Docket No. 9.) Hicks responded that he did present a federal claim in state court because his brief to the Minnesota Supreme Court cited *Blakely*, a federal constitutional case. (Pet'r's Obj. to Resp't's Mot. to Dismiss at 2, Sept. 19, 2016, Docket No. 16.)

The Magistrate Judge issued an R&R on January 19, 2017, recommending dismissal of Hicks' petition. (R&R, Jan. 19, 2017, Docket No. 17.) The Magistrate Judge found that Hicks did not present due process or equal protection claims to the state courts, nor did Hicks present a *Blakely* claim, and therefore these claims are procedurally defaulted. (*Id.* at 4, 7.) The Magistrate Judge further concluded that Hicks failed to demonstrate a basis for the Court to overlook the procedural default because Hicks did not show cause for the default, actual prejudice, or that a miscarriage of justice would occur if the Court did not address the merits of the claims, (*id.* at 6-7), as would be required for the Court to review the merits of Hicks' claim despite the procedural default, *see McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Hicks filed objections to the R&R on February 6, 2017. (Pet'r's Obj. to R&R ("Obj."), Feb. 6, 2017, Docket No. 18.)

## ANALYSIS

### I.      STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).   "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  On a dispositive motion the Court reviews "properly objected to" portions of an R&R *de novo*.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

### II.      HICKS' OBJECTIONS

Hicks asserts that he fairly presented a federal claim to the Minnesota Supreme Court.  (Obj. at 1.)  Hicks makes two specific objections to the R&R on this point: (1) the R&R misconstrues Hicks' argument before the state court regarding a state case, *State v. Rourke*, 773 N.W.2d 913 (Minn. 2009); and (2) contrary to the R&R's holding, by citing *Rourke*, Hicks did properly raise a "pertinent federal constitutional issue" before the state court.  (Obj. at 2.)

#### A.      Legal Standard

"[A] federal court may usually only consider 'those claims which the petitioner has presented to the state court in accordance with state procedural rules.'"  *McCall*, 114

F.3d at 756-57 (quoting *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996)).  "In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state courts.'"  *Id.* at 757 (quoting *Myre v. Iowa*, 53 F.3d 199, 200-01 (8th Cir. 1995)).  A petitioner must not only present a federal claim in state court, but also exhaust all potential state remedies before a federal court will consider the merits of the federal claim.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999).

A federal claim may be exhausted when there are no available state remedies because a petitioner failed to raise the federal claim in state court when it had the opportunity to do so.  In such circumstances, if a state procedural rule will no longer allow presentation of the federal claim, the claim is procedurally defaulted.   If consistently followed, a state's procedural rule barring the claim constitutes an "independent and adequate" state-law ground preventing the federal court from reviewing the claim.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Minnesota's procedural rule – that "a petition for postconviction relief raising claims that were raised on direct appeal, or were known or should have been known but were not raised at the time of the direct appeal, are procedurally barred," unless "(1) the claim is novel or (2) the interests of fairness and justice warrant relief", *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013) – is an adequate and independent state-law basis for denial of a federal claim, *Murray v. Hvass*, 269 F.3d 896, 899-900 (8th Cir. 2001).  A federal court will only consider the

merits of a procedurally-defaulted federal claim if the petitioner "can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition." *McCall*, 114 F.3d at 757.

### B.    Hicks' Objections

Moving to Hicks' objections, first Hicks argues that the Magistrate Judge misconstrued Hicks' reliance on *State v. Rourke*, 773 N.W.2d 913, 919 (Minn. 2009), in Hicks' arguments before the Minnesota Supreme Court.   According to Hicks, the Magistrate Judge improperly found "that [Hicks] use[d] *Rourke . . .* for a two-part test determining when an upward departure is justified," when Hicks in fact cited the case "to challenge the upward departure ground of 'Particular Cruelty' used by the Court to depart from the guidelines." (*Id.* at 2.)

In *Rourke*, the Minnesota Supreme Court considered how the Supreme Court's decision in *Blakely* applies to Minnesota's sentencing regime.   The *Rourke* court distinguished between "facts" used to support imposition of an aggravated sentence, which must be specifically found by a jury under *Blakely*, and "reasons" to support an aggravated sentence, which are not subject to *Blakely*'s jury-trial requirement.   *Rourke*, 773 N.W.2d at 921-22.   The *Rourke* court further determined that "particular cruelty" is a "reason" for imposing an aggravated sentence, rather than a "fact," and therefore a determination whether facts before the court constitute "particular cruelty" is within a judge's purview and is not subject to *Blakely*.   *Id.*

In Hicks' briefing before the Minnesota Supreme Court, Hicks cited *Rourke* for
the general principle of Minnesota law that, after *Blakely*, there are

> two distinct requirements for an upward sentencing departure: (1) a factual
> finding that there exist one or more circumstances not reflected in the guilty
> verdict . . . and (2) an explanation by the district court as to why those
> circumstances create a substantial and compelling reason to impose a
> sentence outside the range on the grid.

(Pet'r's Obj. to Resp't's Mot. to Dismiss, Ex. 1 at 8-9 (quoting *Rourke*, 773 N.W.2d at
919).)  In the same brief, Hicks also cited Minnesota's general definition of "particular
cruelty" found in *Rourke* – "the gratuitous infliction of pain and cruelty 'of a kind not
usually associated with the commission of the offense in question.'"  (*Id.* at 9 (quoting
*Tucker v. State*, 799 N.W.2d 583, 586 (Minn. 2011) (quoting *Rourke*, 773 N.W.2d at
922)).)  Hicks did not cite *Rourke* anywhere else in the brief, but he did more generally
argue, with reference only to Minnesota cases, that the facts of his crime did not involve
particular cruelty given that he merely buried the victim's body, which did not involve
the "gratuitous infliction of pain and cruelty" on the victim.  (*Id.* at 15 (quoting *Tucker*,
799 N.W.2d at 587).)

The Court finds that under even a generous construction of Hicks' objection to the
R&R and briefing before the state court, Hicks' citation of *Rourke*'s definition of
"particular cruelty" in his briefing before the state court did not amount to the
presentation of a federal claim, let alone a due process or equal protection claim.  *See*
*McCall*, 114 F.3d at 757.  While *Rourke* is a state case that does refer to a particular
federal constitutional case, that federal case (*Blakely*) is not "pertinent" to any of the
claims Hicks asserts in his habeas petition.  *See id.*  Furthermore, *Blakely* also was not

particularly pertinent to any of Hicks' claims before the state court. (*See* R&R at 3-4.)

Hicks waived his *Blakely* rights before sentencing and at no point has Hicks argued that

the facts supporting the aggravating factor of concealing the victim's body should have

been found by a jury beyond a reasonable doubt, as *Blakely* would require. Furthermore,

the *Rourke* definition of "particular cruelty," and the question of whether the sentencing

court properly applied that definition, are matters of state law as opposed to federal law.[3]

Under his second objection, Hicks claims that *Rourke* raises "a pertinent federal

constitutional issue," and thus the Magistrate Judge incorrectly decided that Hicks failed

to raise a federal claim before the state courts as required under *McCall*, 114 F.3d at 756-

57. Hicks argues that "[t]he test in *Rourke* was whether the 'Particular Cruelty' ground

was unconstitutionally vague, [and] the Court found that it was, [invoking] the void-for-

vagueness doctrine." (Obj. at 2.)

However, the *Rourke* court made the opposite holding, concluding "that the void-

for-vagueness doctrine **does not apply** to the aggravating factor of particular cruelty."

*Rourke*, 773 N.W.2d at 922 (emphasis added). Furthermore, if Hicks wishes to challenge

the application of an aggravating factor under Minnesota's sentencing guidelines based

on the argument that the guidelines are unconstitutionally vague, any such claim is

---

[3] Even if the Court believed that Hicks' act of concealing the victim's body did not amount to "particular cruelty" under Minnesota law, the Minnesota Supreme Court did not uphold Hicks' sentence on the basis that his act of concealing the victim's body was particularly cruel. Instead, the court decided to recognize a new type of "substantial and compelling" circumstance that can justify an upward departure from a presumptive sentence under Minnesota's sentencing guidelines, given that the sentencing guidelines list "nonexclusive" factors that may be used as reasons for departure. *Hicks*, 864 N.W.2d at 157, 160. This holding was based on an interpretation of applicable state law; Hicks has not provided a basis for the Court to conclude that the state court's decision to recognize a new aggravating factor violated Hicks' federal constitutional rights.

procedurally defaulted because Hicks failed to present this claim in state court when he had the opportunity.  *See Coleman*, 501 U.S. at 750; *Murray*, 269 F.3d at 899-900; *Andersen*, 830 N.W.2d at 8.  For these reasons, the Court will overrule Hicks' objections.

The Court has reviewed the portions of the R&R that were not the subject of specific objections, and the Court concurs with the Magistrate Judge that Hicks has not shown cause and prejudice, nor has he shown that the Court's decision not to hear a *Blakely* claim or any other federal claim based on the Fifth and/or Fourteenth Amendments would result in a miscarriage of justice.  (R&R at 6-7.)  For all of these reasons, the Court will adopt the R&R in full and grant Respondent's motion to dismiss.

## III.    CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  The movant must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Hicks has not shown that reasonable jurists would find the question of whether Hicks' federal claims are procedurally defaulted is debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Petitioner Mo Savoy Hicks' objections [Docket No. 18], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 17]. Accordingly **IT IS HEREBY ORDERED** that:

1.      Respondent Steve Hammer's Motion to Dismiss [Docket No. 8] is **GRANTED**.

2.      Petitioner Hicks' Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED with prejudice**.

3.      For the purposes of appeal, the Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 31, 2017                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                                      Chief Judge
                                                        United States District Court